UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. CR 15-0582 WHO |
| Plaintiff, | ) |
| | ) |
| v. | ) DETENTION ORDER |
| | ) |
| ADAM SHAFI, | ) |
| Defendant. | ) |

On December 15, 2015, a grand jury returned an Indictment charging defendant Adam Shafi with a violation of Title 18, United States Code, Section 2339B(a)(1) -- attempting to provide material support and resources, specifically personnel, to al-Nusrah Front ("ANF"), a designated foreign terrorist organization, knowing that it was a designated foreign terrorist organization or that the organization had engaged or was engaging in terrorist activity or terrorism.[1]  Pursuant to Title 18, United States Code, Section 2332b(g)(5)(B), this offense is a "Federal crime of terrorism" and therefore carries a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community."  18 U.S.C. § 3142(e)(3)(C).

Mr. Shafi filed Defendant's Application for Release on Bail ("Application") on December 11,

---

[1] Defendant Mr. Shafi had been charged by Criminal Complaint with the same offense on July 6, 2015 (CR 3-15-70856-MEJ).  Until the present application for release, Mr. Shafi had waived the issue of his detention and the detention hearing for this offense.

2015, claiming that with appropriate conditions, he would pose neither a risk of flight nor a danger to the community.  On December 21, 2015, the government filed an Opposition to the Application and argued that Mr. Shafi is a flight risk and a danger to the community and that no condition or combination of conditions could overcome those risks.  On December 21, 2015, Mr. Shafi filed a Supplemental Motion for Bond in which he claimed that continued detention would violate his constitutional rights to participate in the preparation of his defense and his right to counsel and the protections of the attorney-client privilege.  These claims were based on a search of his cell at the detention facility where he is being held and based on his transfer to administrative segregation (to which defense counsel mistakenly referred as "solitary confinement").[2]  Pretrial Services Officer Josh Libby also prepared a report regarding the Mr. Shafi's fitness for release on December 21, 2015, and recommended that Mr. Shafi be detained.

The parties appeared before the Court on December 22, 2015, for a hearing on Mr. Shafi's Application.   Mr. Shafi was present and represented by counsel, Joshua Dratel and Erik Levin.  Assistant United States Attorney Candace Kelly represented the United States.

The Court reviewed and considered the parties' oral and written arguments, the Pretrial Services report, and the filings in the Court's docket.  The Court also listened to and considered recordings of a number of Mr. Shafi's telephone conversations provided to the Court by the government.[3]  After consideration of all of these submissions, the Court finds by a preponderance of evidence that no condition or combination of conditions of release could reasonably assure the appearance of Mr. Shafi as required.  The Court also finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.  Therefore, Mr. Shafi has not rebutted the presumption of detention in this case, and the Court orders that Mr. Shafi be detained.

This Order supplements the Court's findings at the detention hearing and serves as written findings of fact and statement of reasons as required by Title 18, United States Code, Section 3142(i).

---

[2] The Court notes that the issues surrounding detention or release are separate from the issues related to a defendant's ability to participate in his defense.

[3] The Court listened to the recordings of the conversations referenced in the Criminal Complaint in this matter.  The government had previously provided the same recordings to the defense.

DETENTION ORDER
CR 15-0582 WHO

The Bail Reform Act of 1984, sets forth the factors which the Court must consider in determining whether pretrial detention is warranted.  In coming to its decision, the Court has considered those factors, paraphrased below:

(1)  the nature and seriousness of the offense charged;

(2)  the weight of the evidence against the person;

(3)  the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and records of court appearances; and

(4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

In considering all of the facts and arguments presented by the parties, the Court finds the factors below among the most compelling in reaching its conclusion that no combination of conditions could reasonably assure Mr. Shafi's future appearances and the community's safety.  The FBI overtly contacted Mr. Shafi as he was about to board an airplane from San Francisco to Istanbul, Turkey with the alleged intention of traveling on to join ANF, a designated terrorist organization, and Mr. Shafi, had been in communication with other individuals discussing and sharing his intention to do so.  The Court does not know the identities of these individuals but does know that at least one individual is a family member, and the Court does not have any control over these individuals.  Therefore, if Mr. Shafi were released, the Court would have no ability to prevent these individuals from working with Mr. Shafi to assist him in leaving the country.  Despite the fact that Mr. Shafi has a loving family with parents who knew about Mr. Shafi's desire to join ANF, Mr. Shafi's family was unable to prevent him from implementing his secret plan to travel to Istanbul, and only the actions of another passenger prevented Mr. Shafi from carrying out his plan.  The Court also finds the discussion of violence in the recorded conversations, including statements about "killing people" and "gallons of blood" – that were undisputed – to be very disturbing.  The Court does not find convincing the explanation that Mr. Shafi made these comments as religious rhetoric; instead the Court interprets those comments, in the context of the specific conversations, to be sincere expressions of Mr. Shafi's desire to shed blood before dying. These factors, among others discussed at the hearing, clearly and convincingly demonstrate that, if released, Mr. Shafi would be a danger to the community and that Mr. Shafi, by a preponderance of the

DETENTION ORDER
CR 15-0582 WHO

evidence, would be unlikely to appear as required.

Accordingly, pursuant to Title 18, United States Code, Section 3142(i), IT IS ORDERED THAT:

(1) the defendant Adam Shafi is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) the defendant Adam Shafi be afforded reasonable opportunity for private consultation with his counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant Adam Shafi is confined shall deliver the defendant Adam Shafi to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

Dated: January 5, 2016

HON. SALLIE KIM
United States Magistrate Judge

DETENTION ORDER
CR 15-0582 WHO