BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

JEFFREY SHIH (CABN 296945)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7168
    Email: jeffrey.shih@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 3:15-CR-582-WHO |
|           Plaintiff, | ) DECLARATION OF AUSA JEFFREY SHIH |
|     v. | ) |
| ADAM SHAFI, | ) |
|           Defendant. | ) |

I, Jeffrey Shih, declare:

1.    I am an Assistant United States Attorney in the United States Attorney's Office for the Northern District of California. I am the attorney responsible for preparing the United States opposition to the defendant's motion for reconsideration of the detention order in the above-captioned matter.

2.    On December 18, 2015, at approximately 4:53 p.m., I received an email forwarded from the FBI with materials that the FBI had received from the Glenn Dyer Detention Facility. I reviewed the materials once on that day, taking no notes from that review. I have not reviewed the materials since.

DECLARATION OF AUSA SHIH         1

3.      On December 22, 2015, immediately after the detention hearing before Magistrate Judge Sallie Kim, AUSA Kelly and I met with FBI Special Agent Nile Cassett and directed the FBI to seal the materials in evidence in order to isolate, preserve, and remove them from view of the prosecution team. At this same meeting, I also directed that the prosecution team proceed to delete all other copies (whether hard-copy or electronic) so that the content would no longer be accessible.

4.      On January 25, 2016, I emailed a written memorandum to FBI Special Agent Jonathan Kingsley, who the FBI had identified earlier that month to serve as the separate filter FBI agent.  That memorandum tasked Special Agent Kingsley with taking custody of the sealed materials, producing Bates-stamped copies of those materials to defense counsel, and maintaining the materials in a secure and sealed location to ensure no access by any members of the prosecution team.  As a potential future assignment, the memorandum also directed Special Agent Kingsley to review any future materials should the detention facility become concerned and request FBI assistance again and to determine whether prophylactically to segregate and isolate any information that the defense could argue is potentially privileged.

5.      On January 26, 2016, as Special Agent Kingsley relayed to me over the telephone on February 10, 2016, Special Agent Kingsley took custody of the sealed materials and produced copies to defense counsel as FILTER-00001 through FILTER-00026.

6.      Other than the materials described above that were forwarded to me on December 18, 2015, I have not received any materials seized from the defendant at the Glenn Dyer Detention Facility. At no time have I participated in, requested, or received any medical or mental health assessments, documents, or reports of the defendant from Alameda County or the Glenn Dyer Detention Facility.

7.      Similarly, as Special Agent Christopher Monika relayed to me over the telephone on February 11, 2016, other than the materials described above that were forwarded to me on December 18, 2015, the FBI has not received any materials seized from the defendant at the Glenn Dyer Detention Facility.  At no time has the FBI participated in, requested, or received any medical or mental health

DECLARATION OF AUSA SHIH                                    2

assessments, documents, or reports of the defendant from Alameda County or the Glenn Dyer Detention Facility.

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

Executed on February 11, 2016, in San Francisco, California.


 /s/ Jeffrey Shih
JEFFREY SHIH
Assistant United States Attorney

DECLARATION OF AUSA SHIH                     3