BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

JEFFREY SHIH (CABN 296945)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7168
    Email: jeffrey.shih@usdoj.gov

Attorneys for the United States of America

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ADAM SHAFI,<br><br>    Defendant. | ) CASE NO. 3:15-CR-582-WHO<br>)<br>) AMENDED STIPULATION AND<br>) [PROPOSED] PROTECTIVE ORDER<br>)<br>)<br>)<br>)<br>)<br>) |

Pursuant to Federal Rule of Criminal Procedure 16(d), the United States and the defendant, through their respective undersigned counsel, hereby stipulate and agree that the Court should enter this proposed Protective Order[1] requiring that the following restrictions shall apply to the discovery that the United States produces and designates as "Protected Material":

1.     The Indictment charges the defendant with providing material support to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B(a)(1). Docket No. 15. In connection with this Indictment, the United States is in possession of electronic surveillance (e.g., recorded

---

[1]     The underlined language in this Protective Order amends the prior Stipulation and Protective Order (Docket No. 42).

STIPULATION RE PROTECTIVE ORDER             1

telephone conversations) between and among the defendant and his associates, some of whom are still under investigation. Additionally, the United States has noticed its intent in this matter to offer into evidence or otherwise use or disclose information obtained or derived from electronic surveillance conducted pursuant to the Foreign Intelligence Surveillance Act of 1978 (FISA), as amended, 50 U.S.C. §§ 1801-1812. Docket No. 19.

2. Therefore, as a subset of the discovery produced in this case, the United States may designate the electronic surveillance and other related materials as Protected Material (e.g., Bates-stamped "PROTECTED MATERIAL"). Any Protected Material so designated by the United States shall be subject to the terms of this Stipulation and Protective Order.

3. The following individuals (the "Defense Team") may access and examine the Protected Material under the conditions set forth herein for the sole purpose of preparing the defense and for no other purpose:

    a. counsel for the defendant;

    b. the defendant;

    c. persons employed by defense counsel who are assisting with the preparation of the defense;

    d. any expert retained on behalf of the defendant to assist in the defense of this matter; and

    e. any investigator retained on behalf of the defendant to assist in the defense of this matter.

Counsel for the defendant shall advise the individuals on the Defense Team of the requirements and the restrictions in this Stipulation and Protective Order, as well as the Court's entry of the Protective Order.

4. <u>The Defense Team (a) shall maintain the Protected Material in a secure location (e.g., locked drawer, cabinet, or safe) or secure electronic device (e.g., password-protected computer, memory stick), (b) shall maintain a copy of this Stipulation and Protective Order with the Protected Material at all times, and (c) shall not share or give copies to other persons.</u>

5.      <u>The Defense Team shall not permit other persons access of any kind to the Protected Material. The one exception is that the Defense Team may permit other persons to review the Protected Material if all of the following conditions are met: (a) the Defense Team maintains custody of the Protected Material at all times; (b) the Defense Team is present during the review; and (c) the review is for the sole purpose of preparing the defense and for no other purpose.</u>

6.      The United States will produce <u>two copies</u> of the Protected Material to the Defense Team. The Defense Team will not make copies of the Protected Material unless (a) the United States provides written concurrence or (b) pursuant to further Court order. Similarly, the Defense Team shall not publicly offer, file, or lodge any Protected Material unless (a) the United States provides written concurrence, (b) pursuant to further Court order, or (c) it is done under seal.

7.      Any willful violation of this Stipulation and Protective Order shall constitute a criminal contempt of Court for which sanctions are provided by law.

8.      This Stipulation and Protective Order shall remain in effect until the Defense Team returns the Protected Material (and any copies) to the United States. The Defense Team shall return the Protected Material (and any copies) to the United States within 30 days of the entry of judgment on all charges, unless a direct appeal is filed, in which case the Defense Team shall complete the return to the United States within 30 days of the date when the direct appeal is finally determined.

9.      The parties shall meet and confer regarding any disputes arising under this Stipulation and Protective Order. The parties in this case have negotiated this Stipulation and Protective Order, which does not constitute a concession or waiver by either party regarding discovery procedures generally in this case or in any other or future case.

IT IS SO STIPULATED.

DATED: February 25, 2016

_____
JOSHUA L. DRATEL
Counsel for Adam Shafi

DATED: February 25, 2016

_____
ERIK B. LEVIN
Counsel for Adam Shafi


BRIAN J. STRETCH
Acting United States Attorney

DATED: February 25, 2016

_____
JEFFREY SHIH
Assistant United States Attorney

STIPULATION RE PROTECTIVE ORDER            4

## [PROPOSED] PROTECTIVE ORDER

IT IS SO ORDERED that disclosure of the above-described materials shall be restricted pursuant to the stipulation of the parties.

Dated: February ___, 2016

                                            HONORABLE WILLIAM H. ORRICK
                                            UNITED STATES DISTRICT JUDGE