BRIAN J. STRETCH (CABN 163973)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

S. WAQAR HASIB (CABN 234818)
JEFFREY SHIH (CABN 296945)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    waqar.hasib@usdoj.gov; 415-436-7261
    jeffrey.shih@usdoj.gov; 415-436-7168

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 3:15-CR-582-WHO |
| | ) |
| Plaintiff, | ) [PROPOSED] PROTECTIVE ORDER |
| | ) PERTAINING TO CLASSIFIED INFORMATION |
| v. | ) PURSUANT TO CLASSIFIED INFORMATION |
| | ) PROCEDURES ACT |
| ADAM SHAFI, | ) |
| | ) |
| Defendant. | ) |
| | ) |

This matter comes before the Court upon the United States' Motion for a Protective Order Pursuant to the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3, to protect against the unauthorized use, disclosure, or dissemination of classified information and documents that will be made available to and reviewed by, or are otherwise in the possession of, defense counsel in this case.

Pursuant to the authority granted under Sections 3 and 9 of CIPA, the Security Procedures Established Pursuant to Pub.L. 96–456, 94 Stat. 2025, by the Chief Justice of the United States for the Protection of Classified Information (the "Security Procedures Established by the Chief Justice"),

Federal Rules of Criminal Procedure 16(d) and 57, and the general supervisory authority of the Court, and in order to protect the national security, the following IS HEREBY ORDERED:

1.      The Court finds that this case will involve classified national security information.  The storage, handling, and control of this information require special security precautions mandated by statute, executive order, and regulation, and access to this information requires the appropriate security clearance and a "need-to-know" determination pursuant to Executive Order 13526, as amended.

2.      The purpose of this CIPA Protective Order ("Order") is to establish the procedures that must be followed by all counsel of record and any other person who receives access to, or otherwise is in possession of, classified information in connection with this case.

3.      These procedures shall apply to all pre-trial, trial, post-trial, and appellate matters in this case, and may be modified by further order of the Court pursuant to Sections 3 and 9 of CIPA, the Security Procedures Established by the Chief Justice, Federal Rules of Criminal Procedure 16(d) and 57, and the Court's inherent supervisory authority to ensure a fair and expeditious trial.

**DEFINITIONS**

4.      The following definitions shall apply to this Order:

A.      The terms "classified information," "classified document," or "classified material" shall include:

(i)      any information, document, or material that has been classified by any Executive Branch agency in the interest of national security or pursuant to Executive Order 13526, as amended, or its predecessors, as "CONFIDENTIAL," "SECRET," or "TOP SECRET," or additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION";

(ii)      any information, document, or material that includes "foreign government information," as that term is defined in Executive Order 13526, as amended, or its predecessors, regardless of place of origin;

CIPA PROTECTIVE ORDER FOR CLASSIFIED INFORMATION                                          2

(iii)     any information, document, or material, even if now or formerly in the possession of a private party, that has been derived from classified information; and

(iv)     any information, document, or material of which defense counsel has been notified, knows, or reasonably should know contains classified information, such as information relating to national security or intelligence matters.

B.     The terms "information," "document," and "material" shall include, but are not limited to, all written, printed, or verbally-conveyed matter of any kind, formal or informal, including originals, conforming copies and non-conforming copies (whether different from the original by reason of notation made on such copies or otherwise).  The terms "information," "document," and "material" shall further include, but are not limited to, the following regardless of form or characteristics:

(i)     Papers, correspondence, memoranda, notes, letters, reports, summaries, photographs, maps, charts and graphs, interoffice and intra-office communications, notations of any sort concerning conversations, meetings or other communications, bulletins, teletypes, telegrams and telefacsimiles, invoices, worksheets and drafts, alterations, modifications, changes, and amendments of any kind to the foregoing;

(ii)     Graphic records or representations of any kind, including but not limited to photographs, charts, graphs, microfiche, microfilm, videotapes, sound recordings of any kind, and motion pictures;

(iii)     Electronic, mechanical or electric records of any kind, including but not limited to tapes, cassettes, disks, recordings, films, typewriter ribbons, word processing or other computer tapes or disks, and all manner of electronic data processing storage; and

(iv)     Any form of document reflecting information acquired orally or verbally.

CIPA PROTECTIVE ORDER FOR CLASSIFIED INFORMATION                                      3

C.     The term "access to classified information" means having access to, reviewing, reading, listening to, learning, or otherwise coming to know in any manner any classified information.

D.     The term "Secure Area" shall mean a physical facility approved by the Classified Information Security Officer for the storage, handling, and control of classified information.

### CLASSIFIED INFORMATION SECURITY PROCEDURES

5.     All classified information, and the information contained therein, shall remain classified unless the information bears a clear indication that they have been "declassified" by the agency or department that originated the information contained therein (hereinafter the "Originating Agency"). Information that is classified that also appears in the public domain is not thereby automatically declassified unless it appears in the public domain as the result of the Originating Agency declassifying the information.

6.     *Classified Information Security Officer*.  In accordance with the provisions of CIPA and the Security Procedures Established by the Chief Justice, the Court designates Winfield S. "Scooter" Slade as Classified Information Security Officer ("CISO") for this case, and Debra M. Guerrero-Randall, Daniel O. Hartenstine, Joan B. Kennedy, Michael P. Macisso, Maura L. Peterson, Carli V. Rodriguez-Feo, and Harry J. Rucker as Alternate CISOs, for the purpose of providing security arrangements necessary to protect from unauthorized disclosure any classified information to be made available in connection with this case.  Defense counsel shall seek guidance from the CISO with regard to appropriate storage, handling, transmittal, and use of classified information.

7.     *Government Counsel*.  The Court has been advised by the CISO that the Government attorneys working on this case, Assistant United States Attorneys S. Waqar Hasib and Jeffrey L. Shih, their supervisors, and certain other Department of Justice employees (collectively, "Government Counsel"), have the requisite security clearances allowing them to have access to the classified information that relates to this case.

8.    *Clearance Prerequisites for Defense Access to Classified Information*. The Court finds that, in order to protect the classified information involved in this case, only the appropriately-cleared defense counsel, and employees or contractors (e.g., investigators, paralegals, experts, or translators) of defense counsel (the "Defense") may have access to the classified information in this case.

A.    No defense counsel, or employees or contractors of defense counsel, may have such access until first obtaining the appropriate clearance.  Each person on the Defense who seeks such clearance must complete or obtain all three of the following:

(i)    *Need-to-Know*.  The defense counsel, or employee or contractor of defense counsel, must receive permission of the Court, either through this Order (*i.e.*, for those named or listed in Paragraph 8.B below) or by a separate Court order upon showing of a "need-to-know" the classified information in this case.

(ii)    *Security Clearance*.  The defense counsel, or employee or contractor of defense counsel, must receive the necessary security clearance at the level of the classified information involved in this case, through or confirmed by the CISO.  The forms, releases, and fingerprints shall be completed and submitted to the CISO forthwith by all defense counsel and employees or contractors of defense counsel who are not otherwise already cleared and whose assistance the defense reasonably requires to have access to the classified information in this case.  The CISO will take all reasonable steps necessary to process security clearance applications in accordance with applicable laws and regulations.

(iii)    *Memorandum of Understanding ("MOU")*.  The defense counsel, or employee or contractor of defense counsel, must sign the MOU in the form attached hereto, agreeing to comply with the terms of this Order, file the original of the executed MOU with the Court and the CISO, and serve a copy on Government Counsel.  The substitution, departure, or removal for any reason from this case of any defense counsel,

CIPA PROTECTIVE ORDER FOR CLASSIFIED INFORMATION                                      5

or any employee or contractor of defense counsel, shall not release that person from the provisions of this Order or the Memorandum of Understanding executed in connection with this Order.

B.     Through this Order, subject to the other prerequisites of Paragraph 8.A above, the Court finds that the following defense counsel have a "need-to-know" the classified information in this case as required by the Government's discovery obligations: Assistant Federal Public Defender Galia Amram.

9.     *Secure Area for the Defense.*  The CISO shall arrange for an appropriately approved Secure Area for use by the Defense.  The CISO shall establish procedures to assure that the Secure Area is accessible to the Defense during normal business hours, and at other times upon reasonable request as approved by the CISO in consultation with the U.S. Marshals Service.  The Secure Area shall contain a separate working area for the Defense and will be outfitted with any secure office equipment requested by the Defense that is reasonable and necessary to the preparation of the defense in this case.  The CISO, in consultation with the Defense, shall establish procedures to assure that the Secure Area may be maintained and operated in the most efficient manner consistent with the protection of classified information.  No classified information, document, or material may be removed from the Secure Area unless so authorized by the CISO.  The Secure Area shall not be accessible to Government Counsel, and the CISO shall not reveal to Government Counsel the content of any conversations that the CISO may hear among the Defense, nor reveal the nature of the information, documents, or material being reviewed or the work being generated by the Defense.  The presence of the CISO shall not operate to waive, limit, or otherwise render inapplicable the attorney-client or work product privilege.

10.     *Access to Classified Information by the Defense*.  The Defense shall have access to classified information only as follows:

A.     All classified information provided to the Defense by the Government is to be used solely by the Defense and solely for the purpose of preparing the defense.  The Defense

CIPA PROTECTIVE ORDER FOR CLASSIFIED INFORMATION                                        6

may not use, disclose, or cause to be disclosed any information known or reasonably believed to be classified information except as otherwise provided in this Order.

B.     All classified information produced by the Government to the Defense, in discovery or otherwise, and all classified information possessed, created, or maintained by the Defense, including notes and any work product, shall be stored, maintained and used only in the Secure Area established by the CISO.

C.     The Defense shall have free access to the classified information made available to them in the Secure Area, and shall be allowed to take notes and prepare documents with respect to those materials.

D.     The Defense (and representatives of the Defense, such as counsel, investigators, paralegals, translators, experts, and witnesses) shall not copy or reproduce any classified information in any form except with the approval of the CISO or in accordance with the procedures established by the CISO for the operation of the Secure Area.

E.     All documents prepared by the Defense (including, without limitation, motions, memoranda, or other documents intended for filing with the Court) that do or may contain classified information must be prepared (e.g., transcribed, recorded, typed, duplicated, copied) in the Secure Area on equipment approved by the CISO, only by persons who have completed and obtained the clearance prerequisites defined in Paragraph 8 above in order to access classified information, and in accordance with the procedures approved by the CISO.  All such documents and any associated materials (such as notes, drafts, copies, electronic media, exhibits, etc.) containing classified information shall be maintained in the Secure Area, unless and until the CISO determines that those documents or associated materials are unclassified in their entirety. None of these materials shall be disclosed to Government Counsel.

F.     The Defense shall discuss classified information only within the Secure Area or in another area authorized by the CISO.  The Defense shall not discuss or attempt to discuss

CIPA PROTECTIVE ORDER FOR CLASSIFIED INFORMATION                                      7

classified information over any standard commercial telephone instrument, office intercommunication system, or any other method of communication (e.g., the Internet) not specifically authorized by the CISO.

G.      The Defense shall not disclose, without prior approval of the Court, any classified information to or in the presence of any person not authorized pursuant to this Order, including the defendant and defense witnesses, except the Court, court personnel, and Government Counsel who have been identified by the CISO as having the appropriate clearances and the need-to-know that information.  If preparation of the defense requires that classified information be disclosed to persons not named in this Order, Government Counsel shall be given prior notice by the Defense and an opportunity by the Court to be heard in response.  Any person approved by the Court for disclosure under this paragraph shall be required to complete and to obtain the clearance prerequisites defined in Paragraph 8 above in order to access classified information.

11.      *Procedures for Use or Disclosure of Classified Information by the Defense*.  Procedures for the use or disclosure of classified information by the Defense in any manner in connection with any pretrial or trial proceeding shall be those provided in CIPA (including but not limited to CIPA Sections 5, 6, and 8) and this Protective Order.  Such procedures include the following:

A.      The Defense shall not use, disclose, or cause to be disclosed any information that the Defense knows or has reason to believe contains classified information in whole or in part unless and until: (i) the Defense files the notice required by and complies with the requirements of CIPA Section 5; and (ii) after such notice, the Government is afforded a reasonable opportunity to seek a determination pursuant to the procedures of CIPA Section 6, and the time to appeal such a determination has expired or the appeal is decided under CIPA Section 7.  Use and disclosure of classified information includes any attempt (e.g., eliciting testimony) by the Defense to have such information confirmed or denied at any public proceeding in this case.

CIPA PROTECTIVE ORDER FOR CLASSIFIED INFORMATION                                        8

B.      In the event that classified information enters the public domain, the Defense shall not confirm or deny classified information that appears in the public domain unless the Defense first complies with the requirements of CIPA, including the procedures in Paragraph 11.A above.

12.      *Filings with the Court by the Defense*.  Any motion, memorandum, or other document filed by the Defense that the Defense knows, or has reason to believe, contains classified information in whole or in part, or any document the proper classification of which the Defense is unsure, shall be filed as follows:

A.      The Defense shall complete each of the following:  (i) The Defense shall mark the document, "Filed With The Classified Information Security Officer, In Camera, Under Seal," and shall include an introductory statement that it is being filed under seal pursuant to this Order, but need not be accompanied by a separate motion to seal.  (ii) The Defense shall file the document under seal with the Court by physically submitting the document to the CISO, or the CISO's designee.  The date and time of the physical submission to the CISO, or the CISO's designee, shall be considered as the date and time of the court filing.  (iii) At the time of making a physical submission to the CISO, or the CISO's designee, the Defense shall file on the public record in the CM/ECF system a notice of filing.  The notice should contain only the case caption, an unclassified title of the filing, and notice that the submission was made to the CISO or the CISO's designee.

B.      The CISO shall promptly examine the document and, in consultation with representatives of the appropriate Government agencies, determine whether the document contains classified information.  If the CISO determines that the document contains classified information, he or she shall ensure that the classified portions of the document, and only those portions, are marked with the appropriate classification marking and that the document remains under seal. If the CISO determines that the document contains no classified information, the

CIPA PROTECTIVE ORDER FOR CLASSIFIED INFORMATION                                    9

document filed by the Defense shall immediately be unsealed by the CISO and placed in the public record.

C.    The CISO shall make arrangements for the prompt delivery under seal to the Court, and to Government Counsel unless the filing is ex parte, any document to be filed by the Defense that contains classified information.

13.    *Filings with the Court by Government Counsel*.  Any motion, memorandum, or other document filed by Government Counsel that contains classified information shall be filed as follows:

A.    Government Counsel shall complete each of the following items specified in Paragraph 12.A above.

B.    The CISO shall make arrangements for the prompt delivery under seal to the Court, and to the Defense unless the filing is ex parte, any document to be filed by Government Counsel that contains classified information.

14.    *Record and Maintenance of Classified Filings*.  The CISO shall maintain a separate sealed record for those filings containing classified information and retain such record for purposes of later proceedings or appeal.

15.    *Violations of this Order*.  Unauthorized use or disclosure of classified information may constitute violations of United States criminal laws.  In addition, violation of the terms of this Order shall be immediately brought to the attention of the Court, and may result in a charge of contempt of Court and possible referral for criminal prosecution.  Any breach of this Order may result in the termination of a person's access to classified information.  Persons subject to this Order are advised that direct or indirect unauthorized use, disclosure, retention or negligent handling of classified information could cause serious damage, and in some cases exceptionally grave damage, to the national security of the United States, or may be used to the advantage of a foreign nation against the interests of the United States.  This Order is to ensure that those authorized to receive classified information will never divulge the classified information disclosed to them to anyone who is not authorized to receive it, and will never

CIPA PROTECTIVE ORDER FOR CLASSIFIED INFORMATION                                    10

otherwise use the classified information without prior written authorization from the Originating Agency and in conformity with this Order.

16.     All classified information to which the Defense has access in this case is now and will remain the property of the Government.  Upon demand of the CISO, the Defense (and representatives of the Defense, such as counsel, investigators, paralegals, translators, experts, and witnesses) and anyone else who receives classified information pursuant to this Order shall return all such classified information in their possession obtained through discovery from the Government in this case or for which they are responsible because of access to classified information.  The notes, documents, and other work product prepared by the Defense that do or may contain classified information shall remain at all times in the custody of the CISO for the duration of this case.  At the conclusion of all proceedings, including any final appeals, all such notes, documents, and other work product are to be destroyed by the CISO, and in the presence of defense counsel if so requested.

17.     Nothing in this Order shall preclude the Government from seeking a further protective order pursuant to CIPA and/or Federal Rule of Criminal Procedure 16(d) as to particular items of discovery material.

18.     A copy of this Order shall be issued forthwith to defense counsel, who shall be responsible for advising the defendant and representatives of the Defense of this Order.


IT IS SO ORDERED.


Dated: June ___, 2016                 _____
                                       HONORABLE WILLIAM H. ORRICK
                                       UNITED STATES DISTRICT JUDGE




CIPA PROTECTIVE ORDER FOR CLASSIFIED INFORMATION                                      11