BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

JEFFREY SHIH (CABN 296945)
S. WAQAR HASIB (CABN 234818)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    jeffrey.shih@usdoj.gov; 415-436-7168
    waqar.hasib@usdoj.gov; 415-436-7261

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 3:15-CR-582-WHO |
| Plaintiff, | ) STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE AND TO EXCLUDE TIME |
| v. | |
| ADAM SHAFI, | |
| Defendant. | |

    This case is currently set for a status conference on November 10, 2016. For the following reasons, the parties jointly and respectfully request that the Court move the status conference in this case from November 10, 2016, to January 26, 2017.

    The parties agree that the defense requires additional time to review the discovery. For the classified discovery, the Classified Information Security Officer ("CISO") recently notified the parties on or about October 24, 2016, that defense counsel's security clearance has now been approved. Pursuant to Paragraphs 9 and 10 of the Protective Order Pertaining to Classified Information, entered by the Court in this case (Docket No. 85), the parties are working with the CISO so that the classified

STIPULATION RE STATUS CONFERENCE    1

discovery can be produced to and accessed by the defense in a designated secure area.  For the discovery that is not classified, the defense also requires additional time to review the voluminous discovery that has been produced.  In addition, defense counsel is scheduled to begin a jury trial in an unrelated matter on November 7, 2016.  Therefore, the parties in this above-captioned case agree that a continuance of the status conference is needed to afford the defense adequate time to review the discovery (both classified and not classified) before setting further dates, such as a briefing schedule for motions under the Classified Information Procedures Act that governs the handling of classified information for discovery, admissibility, and use in criminal cases.

The parties also jointly and respectfully request that the Court exclude time under the Speedy Trial Act from November 10, 2016, through January 26, 2017, as the ends of justice from such an exclusion outweigh the best interest of the public and the defendant in a speedy trial.  The parties agree that the nature of the prosecution (i.e., terrorism charge involving Foreign Intelligence Surveillance Act information) makes the case complex such that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established in the Speedy Trial Act.  18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(ii).  Additionally, the parties agree that such an exclusion provides counsel reasonable time for effective preparation, taking into account due diligence.  18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv).

IT IS SO STIPULATED.

DATED: November 3, 2016     ___/s/ Galia Amram_____
                            GALIA AMRAM
                            Assistant Federal Public Defender
                            Counsel for Defendant Adam Shafi


                            BRIAN J. STRETCH
                            United States Attorney

DATED: November 3, 2016     ___/s/ Jeffrey Shih_____
                            JEFFREY SHIH
                            S. WAQAR HASIB
                            Assistant United States Attorneys

# ORDER TO CONTINUE STATUS CONFERENCE
# AND TO EXCLUDE TIME

Based on the stipulation of the parties and on good cause shown, the Court orders that:

(1) the status conference in this case, currently scheduled for November 10, 2016, is hereby moved to January 26, 2017; and

(2) time is hereby excluded under the Speedy Trial Act from November 10, 2016, which is the date of the currently scheduled status conference, through January 26, 2017, as the ends of justice from such an exclusion outweigh the best interest of the public and the defendant in a speedy trial.  The Court makes this finding and bases this exclusion of time on the nature of the prosecution making the case complex such that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established in the Speedy Trial Act.  18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(ii).  Additionally, such an exclusion provides counsel reasonable time for effective preparation, taking into account due diligence.  18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv).

IT IS SO ORDERED.

Dated: November 4, 2016

HONORABLE WILLIAM H. ORRICK
UNITED STATES DISTRICT JUDGE