STEVEN G. KALAR
Federal Public Defender
Northern District of California
GALIA AMRAM
Assistant Federal Public Defender
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:   (415) 436-7700
Facsimile:   (415) 436-7706
Email:       Galia_Amram@fd.org

Counsel for Defendant Shafi

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ADAM SHAFI,<br><br>Defendant. | Case No.: CR 3:15-CR–0582 WHO<br><br>**ADAM SHAFI REPLY TO UNITED STATES OPPOSITION TO MOTION FOR BILL OF PARTICULARS**<br><br>**Court:**   Courtroom 2, 17th Floor<br><br>**Hearing Date:**   August 24, 2017<br><br>**Hearing Time:**   1:30 p.m. |

**REPLY IN SUPPORT OF MOTION FOR BILL OF PARTICULARS**

In arguing that a bill of particulars is not appropriate in the instant case because the government has "repeatedly particularized" its theory of prosecution, the government appears to have misunderstood the purpose of Mr. Shafi's motion requesting a bill of particulars. Government's Opposition to Def's Mtn. for a Bill of Particulars at 11:7-9. The purpose of Mr. Shafi's request for a bill of particulars was to allow him to "prepare his defense and ascertain

what facts were presented to the grand jury," and to "inform the Court of the facts alleged, so that the court can determine the sufficiency of the charge." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983); *See also United States v. Resendiz-Ponce*, 549 U.S. 102, 107 (2007) (*citing Hamling v. United States*, 418 U.S. 87, 117 (1974)).

There is clear Ninth Circuit case law that states that a bill of particulars can "supplement the indictment by providing more detail upon which the charges are based." *United States v. Inryco, Inc.*, 642 F.2d 290, 295 (9th Cir. 1981). In other words, a bill of particulars can further explain the evidence upon which charges in an indictment are based. Furthermore, a bill of particulars can also be used by a defendant for clarification: a "motion for a bill of particulars is appropriate where a defendant requires clarification in order to prepare a defense." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983).[1]

That being said, in its' Opposition, the government has made clear that it has no evidence of contact between Shafi and Al-Nusra (nor ISIS) and that it believes it doesn't need any as this is an attempt case. Opp'n at 11:5-9; 13:5-10, fn. 10.[2] Considering that

---

[1] In Footnote 12 of the Opposition, the Government misrepresents Mr. Shafi's reference to *United States v. Nagi*, No. 15-2122 (W.D.N.Y. July 31, 2015) [Docket No. 12]. Footnote 12 asserts that Mr. Shafi did not correctly characterize the *Nagi* case because he did not mention that the district court rejected the request for a bill of particulars in that case. Government's Opposition to Def's Mtn. for a Bill of Particulars, Fn. 12 at 16. However, the purpose was not to show that the court ruled in favor of the defendant on the request for a bill of particulars, but rather to show that in that case, unlike in Mr. Shafi's case, there was in fact evidence of direct contact with ISIL operatives prior to the defendant's travel. *United States v. Nagi*, No. 15-2122 (W.D.N.Y. July 31, 2015) [Docket No. 12].

[2] The Government explicitly states that "the United States is not required to prove that the defendant *was under* the 'direction or control' of the al-Nusrah Front," at the time he attempted to travel. Opp'n. at 13:7-8. The Government goes on to request that the court "reject the defendant's invitation in this case to create a new and contrary rule that contact with a foreign terrorist organization is required for an attempted material support charge." *Id.* at 15:12-16. However, the Government is mistaken in assuming that there is in fact a rule that contact with a foreign terrorist organization is *not* required, as this issue has not been decided in either direction in the Ninth Circuit or the Supreme Court.

Nor is there any binding authority on what qualifies as sufficient evidence to prove an attempt in the context of subsection (h). It seems clear that if a defendant had contact with a FTO and was arrested at the airport while en route to fly to the FTO, that would be sufficient for an attempt. It remains to be seen, however, if, as is alleged here, a defendant has had no contact

REPLY BRIEF
*SHAFI*, CR 3:15-CR–0582 WHO

representation, the defense no longer believes a bill of particulars is necessary and believes the August 24th hearing can be taken off calendar (three motions remain pending for hearing on October 12, 2017).

                                                         Respectfully submitted,

Dated:   August 17, 2017          STEVEN G. KALAR
                                                  Federal Public Defender
                                                  Northern District of California

                                                        /S
                                                  GALIA AMRAM
                                                  Assistant Federal Public Defender

---

whatsoever with a FTO, no idea whether the FTO has any interest in having him join, and no specific plan for how to actually reach the FTO or any of its members, but rather arrives at an airport with only a wing and a prayer, that will be sufficient to meet the constitutionally-mandated coordination requirements of subsection (h).  This is, of course, assuming that Mr. Shafi's intent was to actually fight with Al-Nusra, which is a matter of dispute as well.

REPLY BRIEF
*SHAFI*, CR 3:15-CR–0582 WHO