STEVEN G. KALAR
Federal Public Defender
HANNI FAKHOURY
Assistant Federal Public Defender
1301 Clay Street, Suite 1350N
Oakland, CA 94612
Telephone: (510) 637-3500
Facsimile: (510) 637-3507
Email: Hanni_Fakhoury@fd.org

Attorneys for ADAM SHAFI

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ADAM SHAFI,<br><br>Defendant. | CR 15-582-WHO<br><br>MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND [PROPOSED] ORDER |

**TO: ALEX G. TSE, ACTING UNITED STATES ATTORNEY; AND**

**JEFFREY SHIH & S. WAQAR HASIB, ASSISTANT UNITED STATES ATTORNEYS:**

PLEASE TAKE NOTICE that pursuant to Northern District Local Civil Rule 7-9, defendant ADAM SHAFI hereby seeks leave to file a motion for reconsideration of the Court's December 7, 2017 Order Denying Motions to Suppress and for a *Franks* Hearing and Motion for Notice and Discovery, Dkt. 189.

| | |
|---|---|
| DATED: January 9, 2018 | STEVEN G. KALAR<br>Federal Public Defender<br><br>/s/<br>HANNI M. FAKHOURY<br>Assistant Federal Public Defender |

# INTRODUCTION

Under Northern District Local Rule 7-9, a motion for reconsideration may be filed when there was a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." N.D. Cal. L. R. 7-9(b)(3). The Court order denying Mr. Shafi's motions to suppress includes specific factual findings that are unsupported by the record below. *See* Dkt. 189, Order Denying Motions to Suppress and for a *Franks* Hearing and Motion for Notice and Discovery ("Order"). When these mistakes are corrected, it is clear that the motion to suppress should have been granted.

# ARGUMENT

**A. The Government Learned Abdul Niazi—Not Mr. Shafi—Researched Ways to Reach Syria Through Turkey *After* It Submitted Applications to the Magistrate Judge and FISC in December 2014.**

In the Court's description of the factual background, it states that on December 2, 2014, the FBI searched Mr. Shafi's e-mail account. Order at 2. Citing to the Complaint, the Court writes "[t]he search revealed that once back in the United States, Shafi began researching ways to reach Syria through Turkey." *Id.* (citing Dkt. 1, Complaint, ¶¶ 22-24). There are several mistakes in this statement.

First, Mr. Shafi did not research ways to reach Syria through Turkey, and the Complaint never claimed as much. According to the Complaint, it was Abdul Niazi who researched entry points, not Mr. Shafi. Specifically the complaint states that on December 2, 2014, the government obtained a search warrant to search Abdul Niazi's email account. *See* Complaint at ¶ 22 ("On December 2, 2014, the Honorable Laurel Beeler authorized a search warrant for A.N.'s Yahoo! Email account (CR 3 14 71493 LB)."). Because of that search, the government determined Niazi "sent himself an email on May 27, 2014, entitled 'List of possible entry points' with 'Darkush Bab al-hawa (Orontes River) separates Syria and turkey' in the content portion of the email." *Id.* at ¶ 23. There is no indication in the Complaint or in any subsequent search warrant application submitted before Mr. Shafi's arrest in July 2015 that this email was sent from Niazi to Mr. Shafi. *See, e.g.,* Dkt. 162-2, Declaration of Galia

1  Amram ("Amram *Franks* Decl."), Exh. B, January 11, 2017 Application for Search Warrant, Exh. 1
2  (July 2, 2015 Application for Search Warrant) at ¶ 34.[1]

3  Second, the government's search of Niazi and Mr. Shafi's emails did not take place on
4  December 2, 2014. That was the date the government applied for and received the search warrant for
5  Mr. Niazi's and Mr. Shafi's email records.[2] Google did not produce relevant records pertaining to Mr.
6  Shafi until December 19, 2014. *See* Dkt. 173, United States Opposition to Defendant's Motion to
7  Suppress and for *Franks* Hearing at 2 ("On December 19, 2014, agents received the results of the
8  Google search."). It is unknown when the government received Mr. Niazi's records from Yahoo!,
9  which are the records referenced in the complaint. The critical fact is that it is likely the emails were
10 not received until *after* December 2, 2014 and, likely *after* the government applied for and received the
11 FISA wiretap from the FISC that—along with the domestic warrants—was the subject of Mr. Shafi's
12 suppression challenge.[3]

13 Thus, the fact Abdul Niazi emailed himself information about "possible entry points" into Syria
14 is irrelevant in analyzing the December 2, 2014 search warrants to Google and T-Mobile, and even
15 more importantly, the FISA application submitted to this Court for *ex parte* in camera review. That is
16 because this information was not known to the government until after those applications were
17 submitted to the magistrate judge and the FISC respectively. To the extent this fact played any role in
18 the Court's analysis, Mr. Shafi respectfully asks the Court to reconsider its conclusions.

---

[1] This document contains two Bates page numbers, AS-00648 and AS-03064.

[2] The warrants for Mr. Niazi and Mr. Shafi's emails were issued on the same day, by the same magistrate judge, and the docket number for the warrant for Mr. Niazi's email records immediately follows the docket number for the warrant for Mr. Shafi's phone records. *See* Dkt. 146-1, Motion to Suppress, and for a *Franks* Hearing and Disclosure of FISA Orders, Applications, and Related Materials ("FISA Motion"), Exh. A (docket number 3-14-71492 for warrant to T-Mobile for Mr. Shafi's phone records); Amram *Franks* Decl., Exh. A (docket number 3-14-71493 for warrant for Abdul Niazi's email records).

[3] Moreover, Niazi's search for "possible entry points" took place before Mr. Shafi and Mr. Niazi's 2014 trip to Turkey, not after the trip as suggested by the order. *See* Order at 2.

MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND [PROPOSED] ORDER
*United States v. Shafi*, 15-582-WHO

2

### B. Mr. Shafi's Intercepted Conversations, Which Are the Fruits of the Challenged Searches, Are Irrelevant in Analyzing His Challenge to the FISA Warrant.

In addition to the email about "access points" discussed above, the Court's order lists several other things the government learned between the time Mr. Shafi returned from Turkey in the fall of 2014, and the government's application for a criminal search warrant and FISA order in December 2014. The Court specifically notes "Shafi also spoke with others on the telephone, making statements such as 'I am completely fine with dying with [Jabhat al-Nusra],' discussing living in an area in Syria controlled by that foreign terrorist organization, and condemning America as the enemy." Order at 2 (citing Complaint ¶¶ 27-38).

But as the Complaint indicates, these recorded conversations took place in June 2015 and were intercepted as a result of the FISA wiretap challenged by Mr. Shafi's motion to suppress. *See* Complaint ¶ 27 ("I have listened to court-authorized intercepts of telephone conversations in June 2015 during which Adam discussed his love of JN and his desire to travel to support JN."). Like the email discussed earlier, to the extent the Court relied on this intercepted conversation in analyzing Mr. Shafi's challenge to the FISA application or the December 2014 application to the magistrate judge for a criminal search warrant, Mr. Shafi respectfully asks this Court to reconsider its conclusions.

### C. Mr. Shafi and Abdul Niazi Did Not Give Contradictory Explanations of Why They Visited Turkey in 2014.

Finally, in finding that Agent Dial's affidavit supported probable cause even if omitted facts were included, the Court notes "Shafi returned to the U.S. with his family after informing them he had merely wanted to observe the Syrian refugee crisis. But this justification for visiting Turkey did not match Niazi's reasons (to visit mosques)." Order at 13.

These explanations are neither contradictory nor indicative of criminal behavior. Seeing the Syrian refugee crisis and visiting mosques are not mutually exclusive and both Mr. Shafi and Mr. Niazi may have desired to do both. Nor is every person who visits Turkey attempting to sneak into Syria to join a terrorist organization. In the absence of any information that Mr. Shafi or Mr. Niazi did anything more than visit Istanbul—one of the largest cities in the world and a top global tourist

1  destination—the search warrant failed to provide probable cause that either intended to join a terrorist
2  organization.

### CONCLUSION

4   For the reasons stated above, Mr. Shafi respectfully asks this Court to permit the filing of a
5  motion for reconsideration and to reconsider the Court's order denying Mr. Shafi's motions to
6  suppress.

8  DATED:     January 9, 2018            STEVEN G. KALAR
                                         Federal Public Defender
9
                                               /S/
10                                       HANNI M. FAKHOURY
                                         Assistant Federal Public Defender

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br>     v.<br>ADAM SHAFI,<br><br>            Defendant. | CR 15-582-WHO<br><br>[PROPOSED] ORDER GRANTING LEAVE TO FILE MOTION FOR RECONSIDERATION |

Good cause appearing, the defendant's motion for leave to file a motion for reconsideration is hereby GRANTED.

**IT IS SO ORDERED.**

DATED: _____                                    _____
                                                                              HONORABLE WILLIAM H. ORRICK, III
                                                                              United States District Judge