UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　v.<br>ADAM SHAFI,<br>　　　　Defendant. | Case No. 15-cr-00582-WHO-1<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Docket No. 192 |

　　　　Defendant Adam Shafi points out that I made two factual errors in the Background section of my omnibus Order Denying Motions to Suppress and for a *Franks* Hearing and Motion for Notice and Discovery ("Order") (Dkt. No. 189). First, I incorrectly stated that the Complaint (Dkt. No. 1) alleged that the search following execution of the search warrant indicated that Shafi, rather than Abdul Niazi, began researching ways to reach Syria through Turkey after their return to the United States in 2014. Second, I stated that the FBI conducted a search of Shafi's email account on December 2, 2014 rather than that it obtained a search warrant on that date. I regret the errors.

　　　　Those facts were and are irrelevant to my analysis of whether there was probable cause on December 2, 2014 to issue the search warrant. I would have thought that was obvious because I noted in the Order that "the FBI conducted a search of Shafi's e-mail account *after* obtaining a warrant based on the affidavit of agent Sara Dial." Order at 2. Whether the search occurred on December 2 or later made no difference to the analysis. My discussion of probable cause in section III D, *id*. at 13, is based entirely on the facts alleged in Special Agent Dial's affidavit, as discussed in subsection III. *Id*. at 11-13. Shafi's attempt to bootstrap the mistakes into a challenge to the Order is unfounded.

Shafi also argues that he and Niazi did not give contradictory explanations for why they went to Turkey in 2014. I wrote that their explanations "did not match," *id.* at 13, which is true. It was one of several facts that gave the Hon. Laurel Beeler probable cause to issue the warrant. Ample probable cause exists even if the differing explanations are ignored.

Shafi further notes that I referenced in the Background section of the Order his comments on the telephone that "I am completely fine with dying with [Jabhat al-Nusra]," discussing living in an area in Syria controlled by that foreign terrorist organization, and condemning America as the enemy. These comments were captured in FISA intercepts in June 2015, according to the Complaint to which I cited. I was and am aware of the timing of its receipt by the government.

I am restricted in what I can disclose, but as I indicated in the Order, the government's evidence in support of the FISA application identified a web of activities conducted by Shafi that goes beyond merely traveling to Turkey, as Shafi argued. *Id.* at 8. The FISA application established the requisite probable cause and met the requirements of the FISA. *Id.*

In short, there is no merit to Shafi's motion for leave to file motion for reconsideration. It is DENIED.

**IT IS SO ORDERED.**

Dated: January 16, 2018

William H. Orrick
United States District Judge

2