UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>   Plaintiff,<br>  v.<br>ADAM SHAFI,<br>   Defendant. | Case No. 15-cr-00582-WHO-1<br><br>**PRELIMINARY JURY INSTRUCTIONS** |

JURY INSTRUCTION NO. 1

**Duty of Jury**

Jurors: You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial, I will give you more detailed instructions that will control your deliberations. When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you whether you agree with the law or not. You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy, or biases, including unconscious bias. In addition, please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be. That is entirely up to you.

JURY INSTRUCTION NO. 2

**Presumption of Innocence**

This is a criminal case brought by the United States government. The government charges the defendant with attempting to provide material support and resources to a foreign terrorist organization. The charge against the defendant is contained in the indictment. The indictment simply describes the charge the government brings against the defendant. The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charge and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove innocence or to present any evidence.

## JURY INSTRUCTION NO. 3

**The Charge**

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crime which the government must prove to make its case:

The defendant is charged with attempting to provide material support and resources to a foreign terrorist organization. To prove this crime, the government must prove beyond a reasonable doubt:

First, that beginning no later than June 2015 through on or about June 30, 2015, the defendant intended to commit the crime of providing material support and resources to a foreign terrorist organization, and

Second, the defendant did something that was a substantial step toward committing the crime and that strongly corroborated the defendant's intent to commit the crime.

In this case the material support and resources the defendant is alleged to have provided is personnel, meaning one or more individuals, which can include himself.

The foreign terrorist organization that is alleged is the al-Nusrah Front.

The government must also prove that the defendant knew that the al-Nusrah Front was either a designated foreign terrorist organization; or had engaged in or was engaging in terrorist activity or terrorism.

I will provide you with a more detailed explanation of the crimes and other instructions you must follow in your deliberations at the end of the case.

JURY INSTRUCTION NO. 4

**What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

(1)  The sworn testimony of any witness;

(2)  The exhibits which have been received in evidence; and

(3)  Any facts to which the parties agree.

JURY INSTRUCTION NO. 5

**What is Not Evidence**

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in sessions even if what you see or hear is done or said by one of the parties or by one of the witnesses.

## JURY INSTRUCTION NO. 6

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

JURY INSTRUCTION NO. 7

**Ruling on Objections**

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

JURY INSTRUCTION NO. 8

**Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) The witness's opportunity and ability to see or hear or know the things testified to;

(2) The witness's memory;

(3) The witness's manner while testifying;

(4) The witness's interest in the outcome of the case, if any;

(5) The witness's bias or prejudice, if any;

(6) Whether other evidence contradicted the witness's testimony;

(7) The reasonableness of the witness's testimony in light of all the evidence; and

(8) Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

# JURY INSTRUCTION NO. 9

## Conduct of the Jury

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the

1  trial.  Also, do not do any research about this case, the law, or the people involved—including the
2  parties, the witnesses or the lawyers— until you have been excused as jurors.  If you happen to
3  read or hear anything touching on this case in the media, turn away and report it to me as soon as
4  possible.

5  These rules protect each party's right to have this case decided only on evidence that has
6  been presented here in court.  Witnesses here in court take an oath to tell the truth, and the
7  accuracy of their testimony is tested through the trial process.  If you do any research or
8  investigation outside the courtroom, or gain any information through improper communications,
9  then your verdict may be influenced by inaccurate, incomplete or misleading information that has
10 not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial
11 jury, and if you decide the case based on information not presented in court, you will have denied
12 the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very
13 important that you follow these rules.

14 A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a
15 mistrial could result that would require the entire trial process to start over.  If any juror is exposed
16 to any outside information, please notify the court immediately.

## JURY INSTRUCTION NO. 10

**No Transcript Available to Jury**

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

# JURY INSTRUCTION NO. 11

**Taking Notes**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave the court for recesses, your notes should be left in the jury room. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

# JURY INSTRUCTION NO. 12

**Jury to Be Guided by English Translation/Interpretation**

A language other than English will be used for some evidence during this trial. When recorded evidence is presented in another language, there will be a translation of the recording.

The evidence you are to consider and on which you must base your decision is only the English-language translation provided through the translation. Although some of you may know the non-English language used, you must disregard any meaning of the non-English words that differs from the official translation.

# JURY INSTRUCTION NO. 13

**Outline of Trial**

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.