STEVEN G. KALAR
Federal Public Defender
Northern District of California
HANNI FAKHOURY
JEROME MATTHEWS
Assistant Federal Public Defenders
1301 Clay Street
Oakland, CA 94612
Telephone:  (510) 637-3500
Facsimile:  (510) 637-3507
Email:  Hanni_Fakhoury@fd.org

Attorneys for Adam Shafi

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ADAM SHAFI,<br><br>Defendant. | **Case No.:** CR 15–00582 WHO<br><br>**DEFENDANT'S SUPPLEMENTAL OBJECTION TO ADMISSION OF ARABIC-ENGLISH GLOSSARY (EXHIBIT 33)**<br><br>**Court:**   Courtroom 2, 17th Floor |

Mr. Shafi submits this supplemental brief, renewing his objection to the admission of the government's glossary of Arabic terms, Exhibit 33, into evidence. The Court has tentatively admitted the glossary into evidence. As explained in Mr. Shafi's pretrial conference statement, the glossary is not evidence but a demonstrative device prepared by a party, summarizing its evidence and used for a pedagogical purpose. *See* Dkt. No. 236 at *3-4.

"When considering the admissibility of exhibits of this nature, it is critical to distinguish between charts or summaries as evidence and charts or summaries as pedagogical devices." *United States v. Wood*, 943 F.2d 1048, 1053 (9th Cir. 1991). "[C]harts or summaries of testimony or

1  documents already admitted into evidence are merely pedagogical devices, and are not evidence
2  themselves." Id. (emphasis added).  "We have long held that such pedagogical devices should be
3  used only as a testimonial aid, and should not be admitted into evidence or otherwise be used by the
4  jury during deliberations." *Id*.

5      The government's Arabic terms glossary is a summary of other items already admitted into
6  evidence: words spoken during intercepted phone conversations and written in text messages and
7  search queries, as well as testimony by the government's translation expert about what those words
8  mean.  That makes it an inadmissible pedagogical device that assists the government in explaining its
9  case to the jury by summarizing other items of evidence.

10     The glossary is no different than the transcript of the intercepted phone calls shown to the jury
11 when the calls are played.  The government admits those transcripts are demonstratives and
12 inadmissible, and this Court has agreed.  *See* Dkt. 232 at ("The government does not intend to offer
13 the English language transcripts into evidence."); Dkt. 245 at 3 ("Transcripts acceptable as guide for
14 listening, not as an exhibit.").  The jury can certainly take notes on the meaning of the Arabic words.
15 But they should not be given transcript of the English meaning of those words to review while
16 deliberating.  That is consistent with the Court's preliminary instruction informing the jury it "will
17 have to make [its] decision based on what you recall of the evidence.  You will not have a written
18 transcript of the trial." Dkt. 265 at 12.

19     Exhibit 33 should not be admitted into evidence.

20
21
22     Dated:    August 28, 2018                   Respectfully submitted,
23                                                             STEVEN G. KALAR
                                                            Federal Public Defender
24                                                              Northern District of California
25                                                                 /S/
26                                                            HANNI FAKHOURY
                                                            JEROME MATTHEWS
27                                                            Assistant Federal Public Defender
28