STEVEN G. KALAR
Federal Public Defender
Northern District of California
HANNI FAKHOURY
JEROME MATTHEWS
Assistant Federal Public Defenders
1301 Clay Street
Oakland, CA 94612
Telephone:  (510) 637-3500
Facsimile:  (510) 637-3507
Email:    Hanni_Fakhoury@fd.org

Attorneys for Adam Shafi

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Case No.:** CR 15–00582 WHO |
| Plaintiff, | **DEFENDANT'S OPPOSITION TO UNITED STATES' MOTION FOR MISCELLANEOUS RELIEF CALLING DR. LORENZO VIDINO OUT OF ORDER** |
| v. | |
| ADAM SHAFI, | |
| Defendant. | **Court:**       Courtroom 2, 17th Floor |

Mr. Shafi objects to interrupting Agent Reinke's testimony to call Dr. Lorenzo Vidino as an expert witness out of order before Mr. Shafi has a chance to cross-examine Agent Reinke.  While Mr. Shafi is sensitive to Dr. Vidino's travel schedule, Mr. Shafi's constitutional rights trump Dr. Vidino's need to attend a meeting in Washington, D.C.

Mr. Shafi needs to cross-examine Agent Reinke after his testimony is completed in order to effectively exercise his constitutional rights to present his defense and to confront the witnesses against him.  *See* U.S. Const. Amend. 5, 6.  While the Court has flexibility in dictating the order of examining witnesses, it must exercise that control in order to "make those procedures effective for

determining the truth." Fed. R. Evid. 611.  Stopping Agent Reinke's testimony now to allow Dr. Vidino to testify, then having Agent Reinke resume direct examination on Tuesday, is an ineffective procedure for determining the truth.  The jury has heard almost an entire trial day of testimony from Agent Reinke, who is a central witness for the government. It will confuse the jury—and unfairly prejudice Mr. Shafi—to allow Agent Reinke to leave the witness stand just before he is set to discuss the most critical pieces of evidence in the case—the June 5, 2018 phone call between Saleem Karim and Mr. Shafi discussing Muhamad al-Joulani and Mr. Shafi's purchase of the June 2015 plane ticket to Istanbul—without being cross examined.  That is particularly true because Agent Reinke is the case agent and would presumably remain in court during Dr. Vidino's testimony.

Even more problematic than stopping Agent Reinke's testimony before Mr. Shafi can cross-examine him is allowing Dr. Vidino to offer expert testimony about topics and evidence the jury has not yet seen or heard.  Again, Agent Reinke's testimony stopped at the point where the most critical pieces of evidence in the case—the phone call concerning al-Joulani and the details of the 2015 purchase of the airplane ticket—were about to be introduced to the jury. It will confuse the jury to have Dr. Vidino opine on this evidence before the jury has seen it.  Moreover, permitting Dr. Vidino to offer his opinion on the evidence not yet presented by Agent Reinke, and before Mr. Shafi can cross-examine Agent Reinke, would paint a misleading picture to the jury and unfairly bolster Dr. Vidino's credibility, who is the only government witness permitted to offer his opinion.  Similarly, there is a significant risk that the jury would give unfair weight to Agent Reinke's testimony to follow after Dr. Vidino testifies if Dr. Vidino is allowed to offer his expert opinion about the evidence before Agent Reinke presents it in court and is cross-examined about it.

Ultimately, the government could have easily avoided this problem.  The government explains it originally told Dr. Vidino that his testimony would be needed towards the end of next week, approximately on September 6, 2018.  The government correctly points out that the parties made significant progress regarding chain of evidence and custodians of records, which have accelerated the pace of trial.  However, the week before trial—and after it was clear the government would not need to call many of the witnesses it had included on its original 39 person witness list—the government informed Mr. Shafi and defense counsel that it anticipated concluding its case by Friday

August 31, 2018 or Tuesday September 4, 2018 at the latest.  Dr. Vidino is the government's last witness.  Mr. Shafi needed to know when the government intended to finish its case so it could arrange for Dr. Sageman's travel from the East Coast to California, ideally to observe Dr. Vidino's testimony in court or review a transcript if Dr. Vidino's testimony was done on Friday August 31, 2018.  Based on the government's representations, Dr. Sageman is scheduled to arrive in San Francisco on Monday September 3, 2018.  Most critical to the issue before the Court, however, is that the government has always maintained that there was a distinct possibility its case would close—with Dr. Vidino's testimony presented last—on September 4, 2018, the day Dr. Vidino is now unavailable.

Ultimately, this is not like the situation in the sole case cited by the government *United States v. Robertson*, 2016 WL 3397725 (D. Ariz. Jun. 21, 2016), where a non-expert witness was excused in the middle of cross-examination because he "had taken ill, had to be sedated due to the pain from the illness, and likely would be unavailable for at least three trial days."  2016 WL 3397725, at *14.  Dr. Vidino can reschedule a meeting.  Alternatively, Agent Reinke can continue his direct testimony, be cross-examined and the trial can go dark for a day or two in order to get Dr. Vidino to Court sometime after September 4, 2018.

The government and its witnesses could and should have planned better.  Its failure to do so should not fall on Mr. Shafi's shoulders.  The government's request should be denied.

Dated:   August 30, 2018                    Respectfully submitted,

STEVEN G. KALAR
Federal Public Defender
Northern District of California

                /S
HANNI FAKHOURY
JEROME MATTHEWS
Assistant Federal Public Defenders