1  ALEX G. TSE (CABN 152348)
   United States Attorney
2
   BARBARA J. VALLIERE (DCBN 439353)
3  Chief, Criminal Division

4  ELISE LAPUNIZNA (NYBN 2540730)
   S. WAQAR HASIB (CABN 234818)
5  Assistant United States Attorneys

6      450 Golden Gate Avenue, Box 36055
       San Francisco, California 94102-3495
7      elise.lapunzina@usdoj.gov; 415-436-6878
       waqar.hasib@usdoj.gov; 415-436-7261
8
   Attorneys for the United States of America
9
                          UNITED STATES DISTRICT COURT
10
                         NORTHERN DISTRICT OF CALIFORNIA
11
                               SAN FRANCISCO DIVISION
12

13 UNITED STATES OF AMERICA,           ) CASE NO. 3:15-CR-582 WHO
                                       )
14         Plaintiff,                  ) **UNITED STATES' SUPPLMENTAL MOTION
                                       ) IN SUPPORT OF ADMISSIBILITY OF
15     v.                              ) SUMMARY TIMELINE (GOV. EXHIBIT 118)**
                                       )
16 ADAM SHAFI,                         )
                                       )
17         Defendant.                  )
                                       )

18      At trial, the government offered into evidence a timeline, Government Exhibit 118, summarizing

19 numerous records, including financial records, travel records, phone calls, text messages, and searches

20 conducted on Google and Youtube.  The defendant objected; the Court allowed the timeline in as a

21 demonstrative exhibit to be shown to the jury at trial, but did not allow it into evidence as an exhibit that

22 would be sent to the jury room for deliberations.  The Court instructed the government to address the

23 issue further if it sought to have the exhibit admitted.  For the reasons discussed herein, the government

24 maintains that the timeline is a summary and entirely admissible under Rule 1006 of the Federal Rules

25 of Evidence.

26      Rule 1006 provides that the "contents of voluminous writings, recordings, or photographs which

27 cannot conveniently be examined in court may be presented in the form of a chart, summary, or

28
U.S. MOTION TO ADMIT TIMELINE INTO EVIDENCE
                                       1

calculation." "The purpose of the rule is to allow the use of summaries when the documents are unmanageable or when the summaries would be useful to the judge and jury." *United States v. Rizk*, 660 F.3d 1125, 1130 (9th Cir. 2011), *quoting Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1516 (9th Cir.1985).  A proponent of summary evidence must establish that the underlying materials upon which the summary is based (1) are admissible in evidence, and (2) were made available to the opposing party for inspection.  *Id.*, *citing Amarel v. Connell*, 102 F.3d 1494, 1516 (9th Cir. 1996); *see also United States v. PG&E*, 2016 WL 3901921 (N.D.Cal., July 19, 2016).  Here, the underlying materials supporting the timeline have all been disclosed to the defense as part of the discovery process.  As for the admissibility of those records, the vast majority of the underlying materials were admitted into evidence today (such as voluminous Google and Youtube search histories, bank records, and travel records).  In fact, offering these underlying materials may not even have been necessary – as the *Rizk* court noted, "[i]t is essential that the underlying records from which the summaries are made be admissible in evidence, and available to the opposing party for inspection, but the underlying evidence does not itself have to be admitted in evidence and presented to the jury." *Rizk* at 1131.  The only items listed on the timeline that were not admitted were text messages, and those the government intends to reoffer whenever FBI Special Agent Chris Reinke resumes his testimony.  Finally, as for whether the summaries would be useful to the judge and jury, now that the final timeline has been displayed to the jury and Special Agent Reinke has testified about nearly all of the items in it, the Court is in a much better position than it was this morning to fully gauge the timeline's usefulness.  The government predicts that in the event the Court continues to allow the timeline as a demonstrative only, the jury will likely immediately ask for it when they begin deliberations, central as it is to marshaling all of the evidence in the case.  Thus, in accordance with *Rizk*, it should be admitted into evidence as a Rule 1006 summary.

     The government does not believe this issue is particularly pressing, and therefore does not need to be addressed at 7:30 tomorrow morning; however, it should be resolved by the time the government rests its case, which will likely be sometime tomorrow or Tuesday, depending on the length of cross-

1 examination.

2

3                                                           Respectfully submitted,

4                                                           ALEX G. TSE
                                                          United States Attorney

5

DATED: August 30, 2018                          /s/

6                                                           S. WAQAR HASIB
                                                          ELISE LAPUNZINA

7                                                           Assistant United States Attorneys

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

U.S. MOTION TO ADMIT TIMELINE INTO EVIDENCE

3