UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

USA,

                    Plaintiff,

        v.

ADAM SHAFI,

                Defendant.

Case No.  15-cr-00582-WHO-1

**FINAL JURY INSTRUCTIONS**

# JURY INSTRUCTION NO. 1

## Duties of Jury to Find Facts and Follow Law

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, gender, sexual orientation, profession, occupation, economic circumstances, or position in life or in the community.  You must avoid bias, conscious or unconscious.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 2**

**Charge Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof**

The indictment is not evidence.  The defendant has pleaded not guilty to the charge.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence.  The defendant does not have to prove innocence; the government has the burden of proving every element of the charge beyond a reasonable doubt.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 3**

**Defendant's Decision Not to Testify**

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

## JURY INSTRUCTION NO. 4

### Reasonable Doubt—Defined

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**JURY INSTRUCTION NO. 5**

**What Is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

# JURY INSTRUCTION NO. 6

## What Is Not Evidence

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**JURY INSTRUCTION NO. 7**

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

# JURY INSTRUCTION NO. 8

## Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**JURY INSTRUCTION NO. 9**

**Activities Not Charged**

You are here only to determine whether the defendant is guilty or not guilty of the charge in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 10**

**On Or About—Defined**

The indictment charges that the offense alleged was committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## JURY INSTRUCTION NO. 11

### Statements by Defendant

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

1

**JURY INSTRUCTION NO. 12**

2

**Stipulations of Fact**

3       The parties have agreed to certain facts that have been stated to you.  Those facts are now

4   conclusively established.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

2

**JURY INSTRUCTION NO. 13**

**Judicial Notice**

3

      I have decided to accept as proved certain facts relating to the dates of court rulings on the

4

legalization of gay marriage, even though no evidence was presented on this point, because these

5

facts are of such common knowledge.  You may accept these facts as true, but you are not required

6

to do so.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 14**

**Transcript of Recording in English**

You have heard recordings that have been received in evidence. Each of you was given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording. However, bear in mind that the recording is the evidence, not the transcript. If you heard something different from what appears in the transcript, what you heard is controlling.

**JURY INSTRUCTION NO. 15**

**Transcript of Recording in Foreign Language**

You have heard recordings that contained words in the Arabic language.  A summary of the English translation of the Arabic words has been admitted into evidence.

Although some of you may know the Arabic language, it is important that all jurors consider the same evidence. The translation is the evidence, not the foreign language spoken in the recording. Therefore, you must accept the English translation contained in the exhibit and disregard any different meaning of the non-English words.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### JURY INSTRUCTION NO. 16

### Evidence for Limited Purpose

You have heard evidence that was received for a limited purpose.  I instruct you that this evidence is admitted only for the limited purpose, and, therefore, you must consider it only for that limited purpose and not for any other purpose.

**JURY INSTRUCTION NO. 17**

**Opinion Evidence, Expert Witness**

You have heard testimony from Lorenzo Vidino and Marc Sageman who testified to opinions and the reasons for their opinions. This opinion testimony is allowed because of their education or the experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witnesses' education and experience, the reasons given for their opinions, and all the other evidence in the case.

**JURY INSTRUCTION NO. 18**

**Other Crimes, Wrongs or Acts of Defendant**

You have heard evidence that the defendant committed other acts not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, motive, opportunity, preparation, plan, knowledge, absence of mistake, absence of accident, and for no other purpose.

**JURY INSTRUCTION NO. 19**

**Charts and Summaries Not Admitted into Evidence**

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case. These charts and summaries were not admitted into evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

United States District Court
Northern District of California

# JURY INSTRUCTION NO. 20

## Charts and Summaries Admitted into Evidence

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 21**

**Attempt**

The defendant is charged in the indictment with attempting to provide material support and resources to a foreign terrorist organization.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning no later than June 2015, through on or about June 30, 2015, the defendant intended to commit the crime of providing material support or resources to a foreign terrorist organization, namely the al-Nusrah Front; and

Second, the defendant did something that was a substantial step toward committing the crime and that strongly corroborated the defendant's intent to commit the crime.

Mere preparation is not a substantial step toward committing the crime.  To constitute a substantial step, a defendant's act or actions must demonstrate that the crime will take place unless interrupted by independent circumstances.

You do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of a crime.

**JURY INSTRUCTION NO. 22**

**Providing Material Support or Resources to a Foreign Terrorist Organization**

So that you understand the crime that the defendant is charged with attempting, I will now instruct you about the crime of providing material support or resources to a foreign terrorist organization.  The elements of that offense are:

**First**, the defendant provided material support or resources;

**Second**, the defendant provided this support or resources to the al-Nusrah Front;

**Third**, the defendant acted knowingly;

**Fourth**, the defendant knew that the al-Nusrah Front was either:

(a) a designated foreign terrorist organization; or

(b) had engaged or was engaging in terrorist activity; or

(c) had engaged or was engaging in terrorism;

**Fifth**, at least one of the following is true:

(a) the defendant is a national of the United States or an alien lawfully admitted for permanent residence in the United States; or

(b) the offense occurred in whole or in part within the United States; or

(c) the offense occurred in or affects interstate or foreign commerce.

United States District Court
Northern District of California

23

**JURY INSTRUCTION NO. 23**

**Terms "Material Support or Resources" and "Personnel" – Defined**

With respect to the first element, the government must prove beyond a reasonable doubt that in attempting to provide material support or resources, the defendant intended to do so.  Here, the government has alleged that the "material support or resources" was personnel, specifically himself.

The term "personnel" means one or more persons, which can include the defendant's own person.  The defendant can be convicted for attempting to provide material support or resources in the form of personnel if you find that the defendant has knowingly attempted to provide himself to work under the al-Nusrah Front's direction or control. However, the defendant cannot be convicted if he attempted to work entirely independently of the al-Nusrah Front to advance its goals and objectives, or if he merely intended to associate with the al-Nusrah Front or persons connected to the al-Nusrah Front without placing himself under their direction, coordination, or control.

United States District Court
Northern District of California

24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 24**

**Term "Foreign Terrorist Organization" Defined**

The second element you must find beyond a reasonable doubt is that Mr. Shafi attempted to provide these resources to a foreign terrorist organization, namely the al-Nusrah Front. The term "foreign terrorist organization" has a particular meaning under this statute. In order for an organization to qualify as a "foreign terrorist organization," the organization must have been designated as such by the Secretary of State through a process established by law.

I instruct you that al-Nusrah Front has been designated a foreign terrorist organization by the Secretary of State and was so designated by the Secretary of State throughout the period covered by the indictment.

1
2

### JURY INSTRUCTION NO. 25
#### Knowingly

You must also find that the defendant acted knowingly.  An act is done "knowingly" if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

United States District Court
Northern District of California

1
2

**JURY INSTRUCTION NO. 26**

**Terms "Terrorist Activity" and "Terrorism" – Defined**

3      You must also find beyond a reasonable doubt is that in attempting to provide material

4   support or resources to the al-Nusrah Front, the defendant did so knowingly and intentionally.  I

5   have already defined the term knowingly for you.  For this element to be satisfied, the government

6   must prove that the defendant knew one of the following three things:

7      (1)      that the al-Nusrah Front had been designated by the Secretary of State as a "foreign

8              terrorist organization;" or

9      (2)      that the al-Nusrah Front engaged in "terrorist activity"; or

10     (3)      that the al-Nusrah Front engaged in "terrorism."

11

12     For these purposes, the term "terrorist activity" means any of the following:

13     (a)      Highjacking or sabotage of an aircraft, vessel, vehicle, train, or other conveyance;

14              or

15     (b)      Seizing, detaining, or threatening to kill, injure, or further detain another person to

16              compel or coerce some third party, including a government, to do or abstain from

17              doing some act; or

18     (c)      A violent attack upon a representative, officer, employee, or agent of a government

19              or international organization, or upon the liberty of such a person; or

20     (d)      Assassination; or

21     (e)      Use of any biological or chemical agent, or nuclear weapon or device, or explosive,

22              firearm, or other weapon or dangerous device (other than for mere personal

23              monetary gain), with intent to endanger, directly or indirectly, the safety of one or

24              more individuals or to cause substantial damage to property or

25     (f)      A threat, attempt, or conspiracy to do any of the foregoing.

26

27     A person or organization is "engaged" in terrorist activity where it:

28     (a)      commits, prepares, or plans terrorist activity; or

(b)     incites someone to commit terrorist activity under circumstances indicating an intention to cause death or serious bodily injury; or

(c)     gathers information on potential targets for terrorist activity; or

(d)     solicits funds or other things of value for terrorist activity or for a foreign terrorist organization; or

(e)     solicits any individual to commit terrorist activity or join a foreign terrorist organization; or

(f)     commits an act the person knows or reasonably should know affords material support, (including a safe house, transportation, communications, funds, false documentation, weapons, explosives, training, or other support) for the commission of terrorist activity or to someone who has committed or plans to commit terrorist activity, or to a foreign terrorist organization.

For these purposes, the term "terrorism" means premeditated, politically motivated violence perpetrated against noncombatant targets by sub-national groups or clandestine agents.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 27**

**First Amendment**

I turn your attention now to the First Amendment to the United States Constitution, which establishes certain rights which accrue to the defendant.  The First Amendment provides, in part, that Congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof or abridging the freedom of speech or of the press or the right of the people to be peaceably assembled.  The right of freedom of speech and to engage in peaceful assembly extends to one's religion and one's politics.  These rights do not include providing or attempting to provide material support to an organization which is engaged in terrorism or terrorist activity.

1
2

# JURY INSTRUCTION NO. 28

## Duty to Deliberate

3
4

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

5
6

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

7
8
9

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

10
11

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

12
13
14

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

15
16
17
18

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, gender, sexual orientation, profession, occupation, economic circumstances, or position in life or in the community.

19
20
21
22

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

23
24
25
26
27
28

United States District Court
Northern District of California

# JURY INSTRUCTION NO. 29

## Consideration of Evidence

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

**JURY INSTRUCTION NO. 30**

**Use of Notes**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 31**

**Jury Consideration of Punishment**

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 32**

**Verdict Form**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

# JURY INSTRUCTION NO. 33

## Communication With Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.