1  ALEX G. TSE (CABN 152348)
   United States Attorney
2
   BARBARA J. VALLIERE (DCBN 439353)
3  Chief, Criminal Division

4  ELISE LAPUNIZNA (NYBN 2540730)
   S. WAQAR HASIB (CABN 234818)
5  Assistant United States Attorneys

6      450 Golden Gate Avenue, Box 36055
       San Francisco, California 94102-3495
7      elise.lapunzina@usdoj.gov; 415-436-6878
       waqar.hasib@usdoj.gov; 415-436-7261
8
   Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. 3:15-CR-582 WHO |
|---|---|
| Plaintiff, | ) |
| | ) **UNITED STATES' SUPPLEMENTAL** |
| v. | ) **PROPOSED JURY INSTRUCTION** |
| ADAM SHAFI, | ) |
| Defendant. | ) |

The United States files this supplemental proposed jury instruction in response to the note sent by the jury today, September 13, 2018, at 12:00 p.m., regarding further guidance on the meaning of the phrase "independent circumstance."

The government concurs that it would be appropriate for the Court to respond to the jury's question by re-reading them Final Jury Instruction No. 21, which is the instruction that contains the phrase "independent circumstance." Docket No. 289 at pg. 22. However, simply re-reading that instruction, while appropriate, may not be a sufficient response. After all, the jury already has Jury Instruction No. 21 in the jury room with them. Clearly, by sending its note, the jury is asking for some further guidance on the meaning of the phrase "independent circumstance," beyond what they already have. Indeed, the jury question even offered two potential examples, asking whether those examples

would constitute an "independent circumstance." Thus, to the extent that the law provides further guidance on the meaning of the phrase "independent circumstance," the Court should give it to them.

As the government suggested earlier today in court, the law does indeed provide further guidance. In *United States v. Goetzke*, 494 F.3d 1231 (9th Cir. 2007), the Ninth Circuit analyzed whether a defendant in a sex enticement case had taken enough of a substantial step to constitute an attempt. In doing so, the Court reasoned that a defendant is guilty of an attempt to entice when the defendant will succeed in committing his intended crime, "unless uninterrupted by the fortuitousness of a circumstance *independent from him, such as intercession by a parent or law enforcement officer… or refusal by the minor*." *Goetzke*, 494 F.3d at 1237 (emphasis added).[1]

Similarly, in another case, the Ninth Circuit held that to constitute an attempt, "[p]reparation alone is not enough, there must be some appreciable fragment of the crime committed, it must be in such progress that it will be consummated unless interrupted by *circumstances independent of the will of the attempter*, and the act must not be equivocal in nature." *United States v. Buffington*, 850 F.2d 1292, 1302 (9th Cir. 1987)(emphasis added)(citing with approval *United States v. Mandujano*, 499 F.2d 370, 376 (5th Cir.), *cert. denied*, 419 U.S. 1114 (1975); *see also United States v. Still*, 850 F.2d 607, 609 (9th Cir.), *cert. denied*, 489 U.S. 1060 (1989).

Applying the language from *Goetzke* and *Buffington* to this case, the Court should instruct the jury in response to its question that an independent circumstance is a circumstance independent of the will of the attempter, such as intercession by a parent, law enforcement officer, or refusal by a third party.

Regardless of whether the Court gives this proposed instruction, the Court should in any event limit its response to instructions that are directly responsive to the jury's question. In particular, the government understands that the defendant wants the entirety of Final Jury Instruction No. 1 re-read to the jury, in addition to Final Jury Instruction No. 21. But Final Jury Instruction No. 1 has little to do with the jury's very specific question about the meaning of the phrase "independent circumstances." If

---

[1] *Goetzke* is one of the cases referred to in the Ninth Circuit Model Criminal Jury Instructions, No. 5.3 (approved March 2018).

U.S. SUPPLEMENTAL JURY INSTRUCTION

2

| | |
|---|---|
| 1 | anything, the Court should read the final paragraph of Final Jury Instruction No. 1, and only the final |
| 2 | paragraph, which cautions the jury to follow of the given instructions, not give undue weight to any |
| 3 | particular instruction, and not read into the instructions any suggestion from the Court as to what verdict |
| 4 | to return. *See, e.g.*, *United States v. Ponce*, 51 F.3d 820, 832 (9th Cir. 1995)(noting that district court, |
| 5 | after instructing jury on defense of withdrawal from conspiracy, also reminded jury of their obligation to |
| 6 | consider all of the instructions as a whole, and admonished them not to single out any one instruction as |
| 7 | alone stating the law). |
| 8 |     For the Court's convenience, on the next page is a full text of the script the government proposes |
| 9 | the Court should read. It includes the entirety of Final Jury Instruction No. 21, the government's |
| 10 | proposed additional language based on *Goetzke* and *Buffington*, and the last paragraph of Final Jury |
| 11 | Instruction No. 1. |
| 12 | Respectfully submitted, |

ALEX G. TSE
United States Attorney

DATED: September 13, 2018            /s/
S. WAQAR HASIB
ELISE LAPUNZINA
Assistant United States Attorneys

**PROPOSED RESPONSE TO JURY NOTE 1, DATED 9/13/2018**

The defendant is charged in the indictment with attempting to provide material support and resources to a foreign terrorist organization. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning no later than June 2015, through on or about June 30, 2015, the defendant intended to commit the crime of providing material support or resources to a foreign terrorist organization, namely the al-Nusrah Front; and

Second, the defendant did something that was a substantial step toward committing the crime and that strongly corroborated the defendant's intent to commit the crime.

Mere preparation is not a substantial step toward committing the crime. To constitute a substantial step, a defendant's act or actions must demonstrate that the crime will take place unless interrupted by independent circumstances.

You do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of a crime.

An independent circumstance is a circumstance independent of the will of the attempter, such as intercession by a parent, law enforcement officer, or refusal by a third party.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.