STEVEN G. KALAR
Federal Public Defender
Northern District of California
HANNI FAKHOURY
JEROME MATTHEWS
Assistant Federal Public Defenders
13th Floor Federal Building - Suite 1350N
1301 Clay Street
Oakland, CA 94612
Telephone:  (510) 637-3500
Facsimile:   (510) 637-3507
Email:         Hanni_Fakhoury@fd.org

Attorneys for Adam Shafi

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Case No.:** CR 15–00582 WHO |
| Plaintiff, | **DEFENDANT'S OPPOSITION TO UNITED STATES' SUPPLEMENTAL PROPOSED JURY INSTRUCTION** |
| v. | |
| ADAM SHAFI, | **Court:**          Courtroom 2, 17th Floor |
| Defendant. | |

Mr. Shafi objects to the government's proposed jury instruction concerning "independent circumstances." *See* Dkt. 294. The government agrees that it "would be appropriate for the Court to respond to the jury's question by re-reading them Final Jury Instruction No. 21, which is the instruction that contains the phrase 'independent circumstance.'" *Id.* As the Court indicated earlier today, Mr. Shafi agrees that should be the extent of the response to the jury's question.

There are multiple problems with the government's proposed jury instruction, which aims to give the jury "guidance on the meaning of the phrase 'independent circumstance,' beyond what they already have" by combining language from jury instruction #21 (attempt), jury instruction #1 (duty of jury to find facts and follow law) and selected language from Ninth Circuit opinions.

1 First and foremost, instruction #21 concerning attempt is the model Ninth Circuit instruction. As the government pointed out in court, the commentary to the model instruction cites *United States v. Goetzke*, 494 F.3d 1231 (9th Cir. 2007). Nonetheless, the Ninth Circuit deliberately chose not to provide any further elaboration of what "independent circumstance" means in the model instruction. It is obvious why: the model instruction correctly states the elements of an attempt crime and correctly states what "substantial step" means. Nor is the term "independent circumstance" a complicated legal term of art, like the term "material support or resources" that requires elaboration. Jurors understand what "independent circumstance" means and there is no need to provide a redundant explanation that "independent circumstance is a circumstance independent of the will of the attempter" as proposed by the government. Dkt. 294 at 4.

Second, the government's proposed instruction is confusing at best, and misleading at worst. In court, the government argued that a "change of heart" would not be an "independent circumstance." But that does not mean that a "change of heart" is irrelevant as it pertains to the "substantial step" element of an attempt crime. Therein lies the primary problem with the government's proposed instruction: it divorces "independent circumstance" from the "substantial step" element.

A "substantial step" "must be a true commitment toward completing the crime." *United States v. Nelson*, 66 F.3d 1036, 1042 (9th Cir. 1995) (quotation omitted). The act must "cross the line between preparation and attempt by *unequivocally* demonstrating that the crime will take place unless interrupted by independent circumstances." *United States v. Goetzke*, 494 F.3d 1231, 1237 (9th Cir. 2007) (emphasis added) (quotation and citation omitted). An act that is "too tentative and unfocused" is neither "the requisite 'appreciable fragment'" of the crime nor "a step toward the commission of the crime of such substantiality that, unless frustrated, the crime would have occurred." *United States v. Still*, 850 F.2d 607, 609 (9th Cir. 1988) (quoting *United States v. Buffington*, 815 F.2d 1302, 1303 (1987)). "When a defendant withdraws prior to forming the necessary intent or taking a substantial step toward the commission of the offense, the essential elements of the crime cannot be proved." *United States v. Shelton*, 30 F.3d 702, 707 (6th Cir. 1994).

1   For the Court to essentially define "independent circumstance" as "independent of the
2   defendant" in response to the jury's specific question here would be tantamount to telling the jury
3   that a "change of heart" is irrelevant in the jury's consideration of the "substantial step" element.
4   That is misleading because a "change of heart" (and potentially many other facts) would be indicative
5   of a defendant not having "true commitment" to complete the crime, or that his actions only rose to
6   "mere preparation," were "too tentative and unfocused," and did not "unequivocally demonstrat[e]
7   that the crime will take place."  In other words, that the defendant did not take a "substantial step"
8   towards committing the crime.

9   Additionally, the government proposes providing examples of "independent circumstances,"
10  specifically, "intercession by a parent, law enforcement officer, or refusal by a third party."  Dkt. 294
11  at 4.  These examples are confusing and misleading.  No other jury instruction provides examples and
12  the ones offered by the government do not fit the facts of this case and are different from the ones the
13  jury asked about in its note.

14  Finally, the government's proposed instruction contradicts its desire to have the Court read
15  "only the final paragraph, which cautions the jury to follow of the given instructions, not give undue
16  weight to any particular instruction, and not read into the instructions any suggestion from the Court
17  as to what verdict to return."  Dkt. 294 at 4.  By providing limited elaboration about what
18  "independent circumstance" means, the government is precisely doing what it seeks to avoid: "give
19  undue weight to a[] particular instruction."  *Id.*

20  Ultimately, the elaboration requested by the government would improperly invade the province
21  of the jury.  "Because the jury may not enlist the court as its partner in the factfinding process, the
22  trial judge must proceed circumspectly in responding to inquiries from the jury."  *United States v.*
23  *Walker*, 575 F.2d 209, 214 (9th Cir. 1978) (Kennedy, J.).  The best way to proceed here is to reread
24  jury instructions #21 and #1 to the jury and nothing more.

25  Mr. Shafi respectfully requests this Court deny the government's request for a supplemental
26  jury instruction regarding "independent circumstances."

Dated: September 13, 2018

Respectfully submitted,

STEVEN G. KALAR
Federal Public Defender
Northern District of California

　　　　　　/S
HANNI FAKHOURY
JEROME MATTHEWS
Assistant Federal Public Defenders